## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| TAMMY ROSEMAN and<br>DAVID ROSEMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.   2:18-cv-02115 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc., by and through its attorneys, DeFranco & Bradley, P.C., removes the above-captioned case to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. § 1446 upon the following grounds:

### VENUE

1.      On September 22, 2017, plaintiffs filed a complaint in the Fifth Judicial Circuit, Vermilion County, Illinois as case no. 17-L-70

2.      Venue lies in the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Vermilion County, Illinois which is within the Central District of Illinois.

### DIVERSITY OF CITIZENSHIP

3.      The District Courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4.      Complete diversity of citizenship exists between plaintiffs and defendant as required by 28 U.S.C. § 1332(a).

5.    Upon information and belief, plaintiffs are now and were at the commencement of this action, citizens of the State of Illinois.

6.    Defendant Wal-Mart is now and was at the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas.

7.    Wal-Mart is not now and was not at the commencement of this action, a citizen of the State of Illinois.

## AMOUNT IN CONTROVERSY

8.    This action involves a claim for personal injuries for plaintiff Tammy Roseman (Count I) and loss of consortium claim for plaintiff David Roseman (Count II). Plaintiffs' complaint requests judgment in excess of $50,000 for each plaintiff. (See Complaint and Supreme Court Rule 222 Affidavit).

9.    In Count I of the complaint, plaintiff alleges she suffered "exquisite pain and mental anguish and damages of a personal, pecuniary nature and will in the future so suffer as a result of her injuries." (Complaint, Paragraph 13).

10.    In Count II of the complaint, plaintiff David Roseman alleges he was "grievously" injured and damaged in the particulars of support, devotion, care, society and consortium and that he has suffered and "will continue to suffer losses permanently in the future all to his detriment" as a result of his wife's injuries. (Complaint, Paragraph 16).

11.    If a complaint does not establish the amount in controversy, then the party seeking removal must show by a preponderance of the evidence that the monetary threshold has been crossed. *Andrews v. E.I. Du Pont De Nemours & Co.,* 1447 F.3d 510, 515 (7th Cir. 2006).

12.    The Seventh Circuit Court of Appeals in *Meridian Securities Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) held that evidence may be presented from interrogatories, contentions, and admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informed estimates, or by introducing affidavits from employers or experts about how much it may cost to satisfy plaintiff's demands.

13.    The parties have engaged in written discovery.  In response to an interrogatory as to what amount of damages plaintiff Tammy Roseman is seeking in the lawsuit, plaintiff responded, "a fair and just amount as determined by a jury." (Plaintiff Tammy Roseman's answers to interrogatories, Paragraph 14, attached as Exhibit A).

14.    Plaintiff produced medical records and bills which revealed claimed medical bills of $21,618.11.  Plaintiff has undergone physical therapy and several injections into her left knee. She also alleges a neck injury, left ankle injury and migraine headaches. In addition, she alleges she suffers from anxiety and stress from the incident. (Exhibit A, Paragraphs 8 and 11).

15.    Although plaintiff initially demanded $35,000, she withdrew the demand and increased her demand to $50,000 if it could be resolved within 30 days.  (Correspondence attached as Exhibit B).  In response to an offer of $35,000, plaintiff rejected the offer and issued a "final demand" of $87,000 on April 4, 2018.  (Correspondence attached as Exhibit C).

16.    Although settlement offers and settlement negotiations are not admissible to prove liability and are generally inadmissible under Federal Rules of Evidence 408, a court can examine settlement demands to indicate what the "stakes" are in the case for purposes of the amount in controversy. *See Meridian Securities Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) and *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).  As explained in *Rising-*

*Moore,* a plaintiff's willingness to settle for an amount with certainty, implies that the stakes at trial would exceed that settlement demand. *Id.* at 816.

17.     It is clear from plaintiff's increasing settlement demands, with her latest demand of $87,000, that plaintiff believes her case is worth at least $87,000 (with certainty), and therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     Based on the $21,618.11 in medical specials, plaintiff's prayer for relief of over $50,000, and plaintiff's recent demand of $87,000, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

19.     Defendant first received notice that the amount in controversy exceeded $75,000 when it received plaintiff's increased demand on April 4, 2018.

20.     To the extent the Court finds that plaintiff David Roseman's loss of consortium claim may be insufficient to satisfy the amount in controversy requirement for diversity jurisdiction, the Court may exercise jurisdiction over Count I pursuant to its supplemental jurisdiction conferred by 28 U.S.C. § 1367.  Plaintiff David Roseman's loss of consortium claim is directly arising out of plaintiff Tammy Roseman's claim.

21.     This written notice of removal was filed within thirty days of receipt of the $87,000 demand which first established that the amount in controversy exceeded $75,000, pursuant to 28 U.S.C. § 1446(b).

22.     This written notice of removal was filed within one year after commencement of the action, pursuant to 28 U.S.C. § 1446(c).

**<u>NOTICE REQUIREMENTS</u>**

23.     Written notice of the filing of this notice of removal was hereby given to all parties.

24.     A copy of this notice of removal was filed with the Fifth Judicial Circuit, Vermilion County, Illinois, as required by 28 U.S.C. § 1446.

25.     A copy of the process and pleadings were filed contemporaneously with this notice of removal and in accordance with 28 U.S.C. § 1446(a).

## DEFENDANT DEMANDS TRIAL BY JURY

DeFRANCO & BRADLEY, P.C.


By ___s/Rebecca L. Van Court_____
          Rebecca L. Van Court, #6290952
          141 Market Place, Suite 104
          Fairview Heights, IL 62208
          (618) 628-2000
          (618) 628-2007 Fax
          ATTORNEYS FOR DEFENDANT
          vancourt@defrancolaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

TAMMY ROSEMAN and )
DAVID ROSEMAN, )
        )
        Plaintiffs, )
        )
vs. )    No. _____
        )
WAL-MART STORES, INC., )
        )
        Defendant. )

## AFFIDAVIT

STATE OF ILLINOIS )
                    ) SS
COUNTY OF ST. CLAIR )

      Rebecca L. Van Court, being duly sworn upon her oath, deposes and states that he is an attorney for defendant, Wal-Mart Stores, Inc., herein, that she has read the foregoing Notice for Removal and believes it to be true, and that she makes this affidavit as an agent authorized to execute same on behalf of defendants.

_Rebecca Van Court_
REBECCA L. VAN COURT

SUBSCRIBED AND SWORN TO before me this ____ 26 ____ day of ___ Apr. ____, 2018.

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 9, 2021

_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| TAMMY ROSEMAN and | ) | |
| DAVID ROSEMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. _____ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

Rebecca L. Van Court, after being duly sworn upon his oath, deposes and states that she is an attorney for defendant, Wal-Mart Stores, Inc., in the above-entitled cause; that on the 26th day of April, 2018, she sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 26th day of April, 2018, a copy of the Notice for Removal filed herein was also electronically filed with the Clerk of the Fifth Judicial Circuit Court, Vermillion County Courthouse, Illinois.

_____
REBECCA L. VAN COURT

SUBSCRIBED AND SWORN TO before me this __26__ day of ___Apr.___, 2018.

_____
Notary Public

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 9, 2021