E-FILED
Thursday, 26 April, 2018  04:32:30 PM
Clerk, U.S. District Court, ILCD



EFILED
9/22/2017 3:12 PM
Dennis Gardner
Clerk of the Circuit Court
Vermilion County, Illinois

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
VERMILION COUNTY, ILLINOIS

TAMMY ROSEMAN, and DAVID )
ROSEMAN, )
　　　　　　　　　　Plaintiffs, )
 )
vs. )　　　No. 17-L- 70
 )
WAL-MART STORES, INC., a foreign )
Corporation. )
　　　　　　　　　　Defendant. )

## COMPLAINT AT LAW

NOW COME the Plaintiffs, TAMMY ROSEMAN and DAVID ROSEMAN, by and through their attorneys, TUGGLE, SCHIRO, LICHTENBERGER & THEMER, P.C., and for their Complaint against the Defendant, WAL-MART STORES, INC., a foreign corporation, alleges and states as follows:

### COUNT I

1.　　That on or about July 22, 2016 during normal business hours, and at all times relevant herein, the Defendant, WAL-MART STORES INC., owned, maintained, operated and controlled a certain retail store located at 4101 North Vermilion Street, Suite A, Danville, Vermilion County, Illinois, and known as "Wal-Mart."

2.　　That at the aforesaid time, and at all times relevant herein, the Defendant did own, operate, manage, and control a certain business located at or near 4101 North Vermilion Street, Suite A, Danville, Illinois (hereinafter "Premises").

3.　　That at the aforesaid time and place, and at all times relevant herein, the Defendant made said premises available to the general public.

Tuggle, Schiro,
Lichtenberger &
Themer, P.C.
510 N. Vermilion
Danville, IL 61832
Tel: (217)443-1721
Fax:(217)443-1874



4.      That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, TAMMY ROSEMAN, to enter upon said premises, and Plaintiff was, in fact, lawfully upon said premises.

5.      That at all times relevant herein, the Plaintiff was exercising due care and caution for her own safety.

6.      That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a liquid substance on the floor due to a leaking cooler on said premises thereon as a result of the negligence of the Defendant, WAL-MART STORES, INC., to wit: negligently maintained the floors inside the store and allowed liquid substance to accumulate in that area, which caused the Plaintiff to come into contact with said substance, resulting in injuries to her body.

7.      That the aforesaid unreasonable dangerous condition was present at said Premises as a result of the negligence of the Defendant as hereinafter set forth.

8.      That the aforesaid unreasonable dangerous condition was not open and obvious to the Plaintiff, who was then and there in the exercise of due care and caution.

9.      That at the aforesaid time and place, and at all times relevant herein, the Defendant had actual or constructive knowledge of the existence of the aforesaid unreasonably dangerous condition.

10.     That at the aforesaid time and place, and at all times relevant herein, the Defendant had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition resulted in a

2



high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

11.     That at the aforesaid time and place and at all times relevant herein, the Defendant owed a duty to the Plaintiff, TAMMY ROSEMAN, and to the public generally, to refrain from negligent conduct that would endanger the safety of the Plaintiff, and said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair, and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

12.     That at the aforesaid time and place, the Defendant, WAL-MART STORES, INC., negligently breached its duty to the Plaintiff by acting with disregard for the safety of the Plaintiff through one or more of the following acts and/or omissions:

(a)     permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition:

(b)     negligently failed to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

(c)     failed to adequately maintain said Premises;

(d)     maintained said Premises in a defective condition for an unreasonable length of time;

(e)     failed to warn Plaintiff of the aforesaid unreasonably dangerous condition at said Premises;

3



(f)      caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence;

(g)      failed to adequately inspect the floor for spilled substances; and/or

(h)      used a leaky cooler.

13.      As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, WAL-MART STORES, INC., the Plaintiff, TAMMY ROSEMAN, was caused to suffer exquisite pain and mental anguish and damages of a personal, pecuniary nature and will in the future so suffer as a result of her injures.

WHEREFORE, the Plaintiff, TAMMY ROSEMAN, prays for judgment against the Defendant, WAL-MART STORES, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00) and costs of this suit.

**COUNT II**

**LOSS OF CONSORTIUM**

NOW COMES the Plaintiff, DAVID ROSEMAN, by and through his attorneys, TUGGLE, SCHIRO, LICHTENBERGER & THEMER, P.C., Attorneys at Law, and for Count II of his Complaint against the Defendant, WAL-MART STORES, INC., states as follows:

1-13. That Plaintiff restates and re-alleges Paragraphs 1 through 13 of Count I herein as and for Paragraphs 1 through 13 of Count II herein.

14.      That at all times relevant hereto the Plaintiffs, TAMMY ROSEMAN and DAVID ROSEMAN, were lawfully married and lived together as wife and

4



husband in joint companionship, consortium, love and affection and care for each other, and DAVID ROSEMAN was dependent upon TAMMY ROSEMAN for the necessities of life which she did by the fruits of her labor provide. In addition, he was entitled and did receive the consortium and society of TAMMY ROSEMAN and the wifely devotion and coverture.

15.     The Defendant owed the duty to the Plaintiff to conduct its affairs and carry out its activities so as not to interfere with the marital relationship between TAMMY ROSEMAN and DAVID ROSEMAN.

16.     Notwithstanding its duties to TAMMY ROSEMAN and DAVID ROSEMAN, the Defendant did, by those allegations heretoforth set out as a direct and proximate result thereof, so interfere with the relationship of TAMMY ROSEMAN and DAVID ROSEMAN as to deprive DAVID ROSEMAN of the married life that he was accustomed to receive and did thus and thereby grievously injure and damage this Plaintiff in those particulars of support, devotion, care, society and consortium which he formally, prior to the injury of TAMMY ROSEMAN, receive; he has suffered, and because of the injury, will continue to suffer losses permanently in the future all to his detriment.

WHEREFORE, the Plaintiff, DAVID ROSEMAN, demands judgment in his favor and against the Defendant, WAL-MART STORES, INC. in a sum commensurate with the injuries he has suffered which, for the purposes of the assignment of this suit, are alleged to be in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit, and for such other and further relief as this Court deems equitable and just.

5



Respectfully submitted;

TAMMY ROSEMAN and
DAVID ROSEMAN, Plaintiffs

By: _____
NICHOLAS M. SCHIRO
E-mail: Nickschiro@aol.com or
Kjrandles@tugglelaw.com

STATE OF ILLINOIS     )
                      ) SS:
COUNTY OF VERMILION   )

## AFFIDAVIT

NOW COMES your Affiant, NICHOLAS M. SCHIRO, and on his oath says:

1.      That Affiant and the attorneys of TUGGLE, SCHIRO, LICHTENBERGER & THEMER P.C., are the attorneys of record on behalf of the Plaintiffs in the above-captioned cause of action;

2.      That pursuant to Supreme Court Rule 222, Affiant states that the total amount of money damages sought in this case exceeds $50,000.00;

FURTHER YOUR AFFIANT SAYETH NOT.

KARLA J. RANDLES
Notary Public, State of Indiana
Warren County
My Commission Expires
May 01, 2021

_____
NICHOLAS M. SCHIRO

Subscribed and Sworn to this
22nd day of September, 2017.

_____
NOTARY PUBLIC

6